UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**BRIAN KEITH BRAGG,**

    Plaintiff,

v.

**FIORAIANTI, et al.,**

    Defendants.

Civil Action No. 08-1868 (JAP)

**ORDER**

This matter having come before the Court on **November 9, 2009**, for a telephonic conference to address various Motions filed by Plaintiff [see Docket Entry Nos. 28, 32, 34, 35, 37, 39, 43, 45, 42, 49], as well as Defendants' objections to those motions [see Docket Entry Nos. 29, 40, 41, 47, 48, 51]; Plaintiff Brian Keith Bragg appearing *pro se*, and Lillian Nazzaro, Esq., Assistant County Council for Mercer County, appearing on behalf of Defendants; and the Court having reviewed the submissions of the parties; and for the reasons stated by the Court on the record on November 9, 2009; and for good cause shown;

**IT IS** on this **12th** day of **November 2009**;

**ORDERED** that Plaintiff's motion relating to legal postage [Docket Entry No. 28] be and it hereby is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for additional photostatic services [Docket Entry No. 32] be and it hereby is **DENIED** as moot based on Plaintiff's representations on the record that the substance of this motion has been resolved; and it is further

**ORDERED** that Plaintiff's motions to compel discovery [Docket Entry Nos. 34, 39, 45] be and they hereby are **DENIED without prejudice** based on Plaintiff's representation on the

record that the submissions at issue were intended as discovery requests, not motions to compel; and it is further

**ORDERED** that Plaintiff's motions regarding alleged mail tampering [Docket Entry Nos. 35, 37, 43], be and they hereby are **DENIED**; and it is further

**ORDERED** that Plaintiff's motions to supplement his complaint [Docket Entry Nos. 42, 49], be and they hereby are **DENIED without prejudice**; and it is further

**ORDERED** that Defendants are to respond to Plaintiff's discovery requests including those set forth in his motions to compel discovery as limited by Plaintiff on the record, [Docket Entry Nos. 34, 39, 45] and those requests articulated by Plaintiff on the record on November 9, 2009 by no later than **December 9, 2009**; and it is further

**ORDERED** that fact discovery is to remain open through **March 1, 2010.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown; and it is further

**ORDERED** that dispositive motions may be filed by no later than **March 26, 2010**, and made returnable by **April 19, 2010**. Defendants' counsel is to notify Chambers if no dispositive motions have been filed by this time. If dispositive motions are filed, Defendants' counsel is to notify Chambers within five (5) days of a decision on the dispositive motions; and it is further

**ORDERED** that a date for final pretrial submissions will be set at a later date; and it is further

**ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

/s/ Lois H. Goodman
**LOIS H. GOODMAN**
**UNITED STATES MAGISTRATE JUDGE**
