**Not for publication**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| BRIAN KEITH BRAGG,   :   |   |
| :   | |
| Plaintiff,   : | Civil Action No. 08-1868 (JAP) |
| v.   : | |
| :   | |
| FIORAIANTI, ET AL.,   : | |
| :   | **OPINION** |
| Defendants.   : | |

PISANO, District Judge:

Presently before the Court are plaintiff Brian Keith Bragg's motions seeking a Temporary Restraining Order (Docket Entry No. 31) pursuant Federal Rule of Civil Procedure 65[1] and an Emergency Protective Custody Order (Docket Entry No. 30).[2] Plaintiff alleges that Defendants continue to be subject him to physical abuse, inappropriate medical care, and harassment, thus putting him in fear for his life. Because the Court is satisfied that Plaintiff is not in imminent danger and because the Court is further satisfied that the Plaintiff's allegations have been properly investigated and addressed, the Plaintiff's motions are denied.

**I.   Background**

Plaintiff is currently confined at Mercer County Correction Center ("MCCC"). Compl. ¶ 1. On April 18, 2008, Plaintiff filed a complaint and an amended complaint pursuant to 22

---

[1] Plaintiff's motion seeks relief under Federal Rule of Civil Procedure 65.1, Proceedings Against a Surety, which is inapplicable to his motion. The Court believes that Plaintiff intended to seek relief pursuant to Federal Rule of Civil Procedure 65, Injunctions and Restraining Orders, and will treat this motion accordingly. *See Hartmann v. Carroll*, 492 F.3d 478, 482 n. 8 (3d Cir. 2007) ("*pro se* filings are to be construed liberally.").

[2] Given that Plaintiff is seeking the same relief in both his motion for a Temporary Restraining Order and his motion for an Emergency Protective Custody Order this Court will decide both motions together.

U.S.C. § 1983 alleging that his civil rights have been violated while at MCCC. *Id.* Plaintiff alleges that on April 13, 2008, Sergeant Fioraianti, Sergeant Creighton, County Officer Hernendez, County Officer Miszac, County Officer Sexton, County Officer Wrenn, and County Officers John Doe I-VI beat him severely after he passively resisted being placed into the "restraint chair" for tampering with the protective cover on a smoke detector. Compl. ¶ 6. Plaintiff also alleges that Corrections Officer Wrenn started rumors in the jail that Plaintiff is a snitch who informed on members of the Bloods, and a homosexual, in retaliation for grievances filed by Plaintiff against various corrections officers. According to Plaintiff, the rumors have incited other inmates to threaten his life. Compl. ¶ 10. At the time Officer Wrenn allegedly began the rumors Plaintiff was in protective custody but hoped to soon return to the general population. *Id.* Finally, Plaintiff alleges that County Officer Chianese removed legal materials from his cell in retaliation for grievances filed by Plaintiff. Amended Compl.

In his motions for a Temporary Restraining Order and an Emergency Protective Custody Order Plaintiff alleges that the defendants continue to subject him to physical abuse and harassment. Pl. Motion for TRO ¶ 3-5. Specifically, Plaintiff states that on June 6, 2009, he was beaten by Sergeant Creighton while two other sergeants stood by and did nothing, and on July 15, 2009, he was beaten and maced, in a supervisor's presence, by several officers while in protective custody. Plaintiff claims to be "in fear for [his] safety and life." Pl. Motion for Emergency Protective Custody ¶ 6.

Defendants respond that Plaintiff's allegations of beatings and harassment have been investigated and found meritless. Cert. of Warden Charles Ellis ¶¶ 4-5. Additionally, the County was prepared to transfer Plaintiff to the Atlantic County Correctional Center ("ACCC") when he wrote a suicide note. *Id.* at ¶ 3. Plaintiff's transfer to ACCC was cancelled and he was

instead taken to Trenton Psychiatric Hospital for evaluation as a result of the suicide threat. *Id.* Defendants argue that the instant motions must be dismissed because the allegations have been investigated and found to be without merit. *Id.* at ¶ 6.

## II.     Discussion

### A. Standard of Review

In evaluating a motion for a TRO or a preliminary injunction, a court considers whether: " '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.' " *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005) (quoting *NutraSweet Co. v. Enter., Inc.,* 176 F.3d 151, 153 (3d Cir.1999)) (applying standard on motion for preliminary injunction); *Ballas v. Tedesco,* 41 F.Supp.2d 531, 538 (D.N.J. 1999) (applying standard on motion for TRO). Injunctive relief is an extraordinary remedy and the plaintiff bears the burden of establishing each element before relief will be granted. *P.C. Yonkers, Inc., supra,* 428 F.3d at 508. If disputed issues of fact exist, a court cannot grant injunctive relief. *Riley v. Brown,* 2006 WL 1722622, *7 (D.N.J. June 21, 2006).

Furthermore, because Plaintiff's claims are subject to the Prison Litigation Reform Act of 1995 ("PLRA"),[3] the Court must address additional concerns. The PLRA provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct

---

[3]     The PLRA serves to "limit the number of prison condition lawsuits ... and to return control over prison policies and decision-making to local prison officials." *DeHart v. Horn,* 390 F.3d 262, 273 (3d Cir. 2004).

>that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity ... in tailoring any preliminary relief....
>18 U.S.C. § 3626(a)(2).

### B.     Analysis

In applying the four factors to Plaintiff's request, the Court finds that Plaintiff has not established that injunctive relief is warranted.  Plaintiff's claims implicate constitutional rights arising out of the Fourteenth Amendment.  Plaintiff seeks an injunction enjoining the Defendants from continuing to engage in the unconstitutional conduct alleged in Plaintiff's complaint.

Plaintiff fails to establish a single factor in the test for a TRO or preliminary injunction. He has not shown a likelihood of success on the merits of his claim, nor has he shown that denial of his motions will result in irreparable harm.  The State contends that it has investigated Plaintiff's claims of physical abuse and harassment and has found them to be without merit. Plaintiff has offered nothing that would cause the Court to conclude that a proper investigation has not been made.  Additionally, it is unclear whether Plaintiff will remain in custody at MCCC. Plaintiff was scheduled to be moved to ACCC; however, due to Plaintiff's threatened suicide, his transfer was cancelled and he was instead taken to Trenton Psychiatric Hospital for evaluation. Given the disputed facts and Plaintiff's failure to establish any of the factors discussed above this Court may not grant either of Plaintiff's motions.

### III.    Conclusion

For the reasons discussed above, the Court denies Plaintiff's motion for a Temporary Restraining Order and Plaintiff's motion for an Emergency Protective Custody Order.  An appropriate Order accompanies this Opinion.

<u>/s/ JOEL A. PISANO</u>
United States District Judge

Dated: November 16, 2009