NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
BRIAN KEITH BRAGG, :
:
          Plaintiff, :    Civil Action No. 08-1868 (JAP)
:    (consolidated with 09-3552 and 10-1763)
    v. :
:    **OPINION**
SERGEANT FIORAIANTI, SERGEANT :
CREIGHTON, COUNTY OFFICER :
HERNENDEZ, COUNTY OFFICER :
MISZAC, COUNTY OFFICER SEXTON, :
ET. AL, :
:
          Defendants. :
_____:

PISANO, District Judge.

Before the Court is Defendant Matthew Polyak, R.N.'s motion to partially dismiss with prejudice pursuant to New Jersey's affidavit of merit statute, N.J.S.A. 2A:53A-26, *et seq.* (the "Polyak Motion"). Plaintiff Brian Keith Bragg opposes the motion. For the following reasons, the Court will deny the motion. Also before the Court is Defendant Stan Malkin's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Malkin Motion"). Plaintiff opposes the motion. For the following reasons, the Court will grant the motion.[1]

**I.**    **The Polyak Motion**

    **A.**    **Background**

Acting *pro se*, Plaintiff commenced this suit on April 17, 2008, alleging that he was assaulted four days prior while incarcerated as a pretrial detainee at Mercer County Correctional

---

[1] The two cases were consolidated, along with another case, when Magistrate Judge Bongiovanni granted Plaintiff's unopposed motion to consolidate on September 22, 2010.

Center (MCCC).  On June 29, 2010, after being appointed counsel, Plaintiff amended his complaint (the "Amended Polyak Complaint") to assert, among other claims, a claim against Nurse Polyak for witnessing and failing to intervene in the alleged assault.  Nurse Polyak filed his motion on January 12, 2011, seeking the dismissal of "all claims and cross claims against Nurse Polyak . . . because the plaintiff failed to serve an Affidavit of Merit."  Polyak Br. at 14.  Plaintiff concedes that he did not serve an Affidavit of Merit, but disputes its requirement.

    **B.**    **Legal Requirement for an Affidavit of Merit**

Under the Affidavit of Merit Statute, when filing an "action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation," a plaintiff must provide, within 60 days of a defendant's answer to the complaint, an affidavit to each defendant by an "appropriate licensed person," indicating that there is a "reasonable probability" that the defendant's conduct fell outside the acceptable norms or standards of the profession.[2]  N.J.S.A. 2A:53A-27.  Upon a finding of good cause, the court may grant plaintiff one additional 60-day period.  *Id.*  This affidavit of merit must be executed by a person licensed in any state, with particular expertise in the area involved in the action as shown by a board certification or a devotion of their practice to the area for more than five years.  *Id.*  The appropriate licensed person must not have any financial interest in the outcome of the case.  *Id.*

A plaintiff's failure to provide an affidavit of merit is considered a failure to state a cause of action.  N.J.S.A. 2A:53A-29.  If a defendant files a motion to dismiss after the maximum 120-

---

[2] Plaintiff may provide a sworn statement, in place of an affidavit, setting forth that: "the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request."  N.J.S.A. 2A:53A-28.

day deadline and before a plaintiff has given the defendant the affidavit, the complaint will be dismissed with prejudice unless the doctrines of substantial compliance and extraordinary circumstances apply. *Ferreira v. Rancocas Orthopedic Associates*, 178 N.J. 144, 154 (2003) (denying a motion to dismiss filed after plaintiff forwarded an affidavit of merit, which was obtained ten days after defendants' answer and forwarded eighteen days after the statutory 120-day period, because defendants did not further inquire or demand the affidavit until after it was forwarded, no unnecessary expense was incurred by defendants due to the late arrival, and there was no delay in proceedings).

An affidavit is only required if the underlying factual allegations of a plaintiff's claim require proof of malpractice—*i.e.*, proof that the defendant's conduct deviated from a professional standard of care for his or her profession. *Couri v. Garner*, 173 N.J. 328, 340-41 (2002). "[B]y asking whether a claim's underlying factual allegations require proof of a deviation from a *professional* standard of care, courts can assure that claims against licensed professionals acting in a professional capacity that require proof of ordinary negligence but not of a deviation from professional standards are not encompassed by the statute." *Id.* at 340-41 (emphasis in original).

### C. Discussion

As noted above, in determining whether the Affidavit of Merit Statute applies to a claim, the New Jersey Supreme Court has looked to whether "the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession." *Couri*, 173 N.J. at 340. In the Amended Polyak Complaint, Plaintiff alleges that Nurse Polyak "witnessed [and] failed to intervene in [the] assault when he had the opportunity to do so." Am. Polyak Compl. ¶¶ 5-6. The factual allegations underlying Plaintiff's claim against

3

Nurse Polyak require proof that he witnessed the alleged assault and that he could have acted safely to try to stop others from assaulting Plaintiff. They do not require a showing that he deviated from the professional standard of care for registered nurses. Accordingly, no affidavit of merit is necessary here and the Court must deny Nurse Polyak's motion to dismiss pursuant to the affidavit of merit statute.[3]

## II.   The Malkin Motion

### A.   Background

Plaintiff, acting *pro se*, instituted an action on July 20, 2009 against Stan Malkin ("Malkin")[4] for making certain mental health treatment decisions, allegedly in retaliation for Plaintiff's having filed lawsuits against employees at MCCC. Specifically, Plaintiff alleges that Malkin refused to remove him from suicide watch and involuntarily committed him to Ann Klein Forensic Center ("AKFC"), depriving him of his civil rights in violation of 42 U.S.C. § 1983. Plaintiff, after being appointed counsel, amended his complaint (the "Amended Malkin Complaint") on June 24, 2010, reiterating his allegations against Malkin.

### B.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set

---

[3] Nurse Polyak devotes considerable energy in his reply brief to a new argument that a lack of bystander liability under New Jersey law renders Plaintiff's common law claims inadequate to survive a motion to dismiss. The Court notes that, as a general practice, courts do not entertain new arguments presented in reply briefs because the Local and Federal Rules of Civil Procedure do not automatically provide an opportunity for sur-reply. *See, e.g., Bernstein v. City of Atlantic City*, 2011 WL 2559369, *3 (D.N.J. 2011). Accordingly, this aspect of Nurse Polyak's motion to dismiss will be denied without prejudice.

[4] Plaintiff refers to Malkin as "Dr. Malkin" throughout his papers, while the opposing papers refer to him as "Stan Malkin" or "Mr. Malkin." The Court simply refers to the defendant as "Malkin" and, regarding his credentials, the Court addresses only the facts and allegations set forth in the pleadings.

4

forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted).

**C.     Discussion**

"42 U.S.C. § 1983 provides a cause of action against 'persons' who, acting under color of state law, deprive a citizen or citizens of the rights, privileges and immunities secured by the Constitution and federal law." *Bates v. Paul Kimball Hosp.*, 346 Fed. Appx. 883, 885 (3d Cir. 2009). "[T]he color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Id.* at 887 (quoting *Groman v. Twp. of Manalapan*, 47

5

F.3d 628, 638 (3d Cir. 1995)).  In the Amended Malkin Complaint, Plaintiff asserts that "Dr. Malkin is a psychologist [who] refused to remove plaintiff from suicide watch [and] involuntarily committed plaintiff . . . in retaliation for plaintiff's having filed lawsuits against MCCC employees."  Am. Malkin Compl. ¶¶ 23, 25, 27, 28.  Nowhere in the Amended Malkin Complaint, however, does Plaintiff contend that Malkin acted under color of state law in conjunction with his involuntary commitment.  Accordingly, Plaintiff fails to state a claim against Malkin.

In addition, the Amended Malkin Complaint acknowledges that Malkin was a psychologist.  Under New Jersey law, a psychologist, as a "mental health screener," *see* N.J.S.A 30L4-27.2p, may assess a patient and "provide . . . information regarding the person's history and available alternative facilities and services that are deemed inappropriate for the person." N.J.S.A. 30:4-27.5b.  Only a psychiatrist or physician, however, may "conclude[] that the person is in need of commitment to treatment [and] complete the screening certificate."  *Id.* Accordingly, as a matter of state law, a psychologist may not conclude that involuntarily commitment is necessary.  Plaintiff's Amended Malkin Complaint, therefore, fails to state a claim for unlawful involuntary commitment against Malkin under Section 1983.

### III.  CONCLUSION

There is no need for an affidavit of merit with regard to Plaintiff's claims against Nurse Polyak.  Accordingly, the Court must deny Nurse Polyak's motion to dismiss pursuant to the affidavit of merit statute with prejudice.  As far as his motion to dismiss is based on other legal arguments, however, it will be denied without prejudice.  Plaintiff's claims against Malkin do not allege that he acted under color of state law or that he was a psychiatrist or physician.  Thus, they

fail to state a claim upon which relief can be granted, such that Malkin's motion to dismiss must be granted. An appropriate order will issue.

                                                /s/ JOEL A. PISANO
                                                United States District Judge

Dated: August 31, 2011